IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No.   04-cv-00215-WDM-MJW

OLOYEA D. WALLIN,

      Plaintiff(s),

v.

MR. HOYT BRILL, *et al.*,

      Defendants.

---

## ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE

---

Miller, J.

      This matter is before me on the recommendation of Magistrate Judge Michael

J. Watanabe, issued February 14, 2005.  Having been granted an extension of time,

Plaintiff Oloyea Wallin (Wallin) filed timely objections to the recommendation, and is

entitled *de novo* review.  28 U.S.C. § 636(b).

      I have reviewed the recommendation, objections, motions and responses and

conclude the recommendation should be accepted in part, and rejected in part.

<u>Background</u>

      During the relevant time period, Wallin was an inmate at the Kit Carson

Correctional Center (KCCC), a privately-owned prison run by the Correctional

Corporation of America (CCA), pursuant to a contract with the Colorado Department of

Corrections (CDOC).  Defendant Joe Ortiz (Ortiz) is the executive director of CDOC,

and is statutorily entrusted with "monitor[ing] and supervis[ing] the activities of private

contract prisons."  Colo. Rev. Stat. § 17-1-103(a).

As alleged by Wallin's amended complaint,[1] the facts are as follows.  On January 11, 2002, Wallin informed the medical department at KCCC that he had hurt his left ankle, causing extreme pain and difficulty in walking.  On January 23, 2002, he was finally seen by defendant Hill, a nurse, who diagnosed the problem as mere swelling, denied Wallin's request to see a doctor, and gave him ice to treat the swelling.  On January 24, 2002, Wallin hurt his big toe, and again he sought treatment from the medical department.  When the medical department failed to set up an appointment for him after repeated requests, on February 10, 2002, Wallin visited the medical department in person and told medical department personnel that he had broken his toe, and that his ankle continued to bother him.  The medical personnel refused to allow him to see a doctor, but gave him more ice for his ankle.

In March, April, and August 2002, Wallin continued to seek aid from the medical department without success.  On September 2, 2002, he saw Hill again, complaining of severe pain in his left ankle, pain and deformity in his left big toe, and difficulty walking and climbing the ladder into his bunk.  Hill stated that nothing could be done other than prescribing him an ankle brace.

After more requests, Wallin finally was seen by a doctor, defendant Dr. Rand, on November 27, 2002.  Dr. Rand diagnosed torn ligaments in his left ankle and a

_____

[1]On November 1, 2004, Wallin filed an objection to Magistrate Judge Watanabe's order denying his motion for leave to file an amended complaint.  This objection appears to be mooted by Magistrate Judge Watanabe's February 9, 2005 order, and therefore will be overruled.

2

broken big toe that had healed incorrectly.  He stated that the injuries should have

been treated earlier, but because of the delay in treatment, little could be done.

However, he also stated that he would recommend that Wallin receive some type of

physical therapy and that Wallin be moved to the lower bunk.  Wallin has not received

any physical therapy, and his additional requests for treatment from a specialist or

surgery have been ignored.

Wallin asserted fourteen claims, including several claims against Ortiz.  He

alleges that Ortiz

> failed to put the plaintiff in a [sic] adequately medically equipped facility,
> he was made aware of the continuing violations both state and
> constitutional that have been going on at this facility in the medical
> department and yet still allowed the placement of the plaintiff, he has
> failed to provide adequate and qualified medical and prison staff for this
> facility, he has failed to adequately train, supervise, and direct his
> medical and prison staff at this facility, he has failed to remedy unlawful
> medical conditions and practices that he was well informed about, he
> has failed to adequately establish proper policy and procedure in the
> medical department and in the facility that would enable the proper
> medical treatment for all C.D.O.C. inmates including plaintiff.

(Amd. Compl., ¶ 50.)  Consequently, he asserts the following claims against Ortiz: (1)

denial of proper medical care in violation of the Eighth Amendment; (2) negligence for

failing to ensure Wallin received adequate medical care; and (3) intentional infliction

of emotional distress by failing to remedy the inadequate medical care.

Ortiz has moved for dismissal of the claims against him.  I referred Ortiz'

motion to Magistrate Judge Watanabe to issue proposed findings and

recommendations, pursuant to 28 U.S.C. § 636(b).

<u>Recommendation</u>

Magistrate Judge Watanabe recommends that (1) Wallin's claims seeking

3

damages against Ortiz in his official capacity be dismissed; (2) the Eighth

Amendment claims be dismissed because Ortiz did not personally participate in any

constitutional violations, and in the alternative, is entitled qualified immunity; (3)

Wallin's negligence claims be dismissed against Ortiz for failure to state a claim; (4)

Wallin's intentional infliction of emotional distress claims be dismissed against Ortiz

for failure to state a claim; and (5) Wallin's negligence and intentional infliction of

emotional distress claims be dismissed against Ortiz for failure to comply with notice

provision of the Colorado Governmental Immunity Act (CGIA).

<u>Standard of Review</u>

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6)

should be granted when it appears beyond doubt that the plaintiff could prove no set

of facts entitling it to relief.  The court must accept as true all well-pleaded facts and

construe all reasonable allegations in the light most favorable to the plaintiff.  *United

States v. Colorado Supreme Court*, 87 F.3d 1161, 1164 (10th Cir. 1996).

<u>Discussion</u>

Wallin first objects to Judge Watanabe's finding that he failed to demonstrate

sufficient personal participation by Ortiz in any alleged constitutional violation.

To successfully assert a Section 1983 claim under the Eighth Amendment, a

plaintiff must show personal involvement or participation by the defendant.  *Grimsley

v. McKay*, 93 F.3d 676, 680 (10th Cir. 1996).  "Supervisor status alone is insufficient to

support liability."  *Id.*  Establishing supervisory liability in a Section 1983 suit requires

"allegations of personal direction or of actual knowledge and acquiescence."

*Woodward v. City of Worland*, 977 F.2d 1392, 1400 (10th Cir. 1992) (quoting *Andrews*

4

*v. City of Philadelphia*, 895 F.2d 1469, 1478 (3rd Cir. 1990).  *See also Jojola v. Chavez*, 55 F.3d 488, 490 (10th Cir. 1995).

Magistrate Judge Watanabe apparently accepted Ortiz' argument that Wallin's complaint seeks to impose vicarious liability on him for conduct of KCCC Staff.  I disagree with this characterization.  Construed liberally, Wallin alleges that Ortiz failed to properly undertake his statutory obligations of monitoring the conditions at KCCC, including by failing to ensure that its medical department was staffed by qualified and adequately trained individuals, failing to remedy the inadequate medical care occurring at KCCC, and failing to establish proper policy and procedure in KCCC's medical department, despite having knowledge of a history of violations of inmate's rights to adequate medical care, and having knowledge of the particular deprivations Wallin suffered.  (Amd. Compl., at 10.)  Such allegations describe failings of Ortiz himself.  *See Neiberger v. Hawkins*, 6 Fed. Appx. 683, 688 (10th Cir. Mar. 8, 2001) (unpublished table decision) (rejecting similar argument on grounds that allegations "do not focus on *respondeat superior* liability but, rather, would place responsibility for the alleged constitutional violations on the defendants' directly in light of their participation in the establishment of plaintiffs' and other patients' treatment programs and overall living conditions").

Ortiz provides no authority for the proposition that such allegations are insufficient to state a claim under Section 1983.  To the contrary, the Tenth Circuit has recognized a cause of action under Section 1983 "when the defendant was in a position of responsibility, knew or should have known of the misconduct, and yet failed to act to prevent future harm."  *McClelland v. Facteau*, 610 F.2d 693, 697 (10th

5

Cir. 1979).  *See also Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1988)

(allegations that Sheriff breached statutory duty of proper management of his jail and

failed to properly supervise deputies, and allegation that commissioner of state

department of health failed to enforce state standards governing the availability of

medical care in county jails, failed to train law enforcement personnel regarding those

standards, and failed to insure provision of adequate medical care, stated claims

under § 1983);  *Merritt v. Hawk*, 153 F. Supp.2d. 1216, 1227 (D. Colo. 2001).

Nor do I find Wallin's allegations too conclusory.[2]  Wallin alleges that Ortiz

actually knew of his deprivations through specific communications,[3] and that Ortiz

failed to act to remedy these deprivations, despite a statutory duty to monitor and

supervise activities at the KCCC.  Greater specificity is not required.  A supervisor may

be liable for acquiescing to constitutional violations of which he has actual

_____

[2]In this regard, I note that Magistrate Judge Watanabe used an incorrect
standard of review, finding that "[w]ithout any evidence to show personal participation
on the parts of Defendants [sic] Ortiz, it is recommended that" the motion to dismiss
be granted.  (Recommendation, at 8.)  However, the absence of evidence plays no
role in deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6); rather, such a
motion "may be granted only if it appears beyond a doubt that the plaintiff is unable to
prove any set of facts entitling [him] to relief under [his] theory of recovery."  *Ruiz v.
McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

[3]Ortiz argues that because the grievances and notice of intent to sue with which
Wallin allegedly notified Ortiz were written nearly a year after Wallin suffered his ankle
injury and broken toe, Ortiz could not have known about the medical department's
inadequacies in time to do anything about them, and therefore he could not have
acted with deliberate indifference.  However, Wallin alleges that Ortiz was aware of
constitutional and state [sic] violations" committed by KCCC's medical department
before Wallin was "placed" at KCCC.  (Amd. Compl., at 10.)  Furthermore, at the time
Wallin filed his amended complaint, he still had not received adequate treatment for
his injuries.  (Amd. Compl., at 9.)

knowledge.  *See Woodward*, 977 F.2d at 1400.

Alternatively, Magistrate Judge Watanabe found that Ortiz was entitled to qualified immunity because Wallin had not sufficiently alleged a violation of the Eighth Amendment.  Prison officials violate a prisoner's Eighth Amendment rights "when they are deliberately indifferent to the serious medical needs of the prisoners in their custody." *Oxendine v. Kaplan*, 241 F.3d 1272, 1276 (10th Cir.2001) (citing *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976)).  Eighth Amendment claims alleging inadequate or delayed medical care thus involve both an objective and a subjective component, such that I "must determine both 'whether the deprivation is sufficiently serious' and 'whether the [government] official acted with a sufficiently culpable state of mind.'" *Id.* (*quoting Perkins v. Kansas Dep't of Corrections*, 165 F.3d 803, 806 (10th Cir.1999) (alteration in original).

Magistrate Judge Watanabe found that Wallin had failed to allege a sufficiently serious medical need.  *See Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999).  I disagree.  Wallin's amended complaint alleges that he has suffered torn ligaments and a broken toe, resulting in "excessive" pain and swelling.  His toe is now deformed due to the defendants' failure to provide timely medical treatment.  When he sought treatment, his requests were often ignored, and when he did see medical department personnel, they simply gave him ice, or on one occasion, offered to prescribe an ankle brace.  Wallin was denied the opportunity to see a doctor for nearly nine months; when he finally saw the doctor, he was told that it too late to do much to for his injuries, but that physical therapy would be recommended, which Wallin never received.  Accordingly, I find that Wallin has alleged a sufficiently serious deprivation

to state a claim that his Eighth Amendment rights were violated.

Magistrate Judge Watanabe also found that Wallin had not alleged adequate

facts under the objective prong, noting that a "mere disagreement with his medical

treatment" does not constitute deliberate indifference. *See Hunt*, 199 F.3d at 1224.

Again, I disagree. First, whether there was a "mere disagreement" between Wallin

and KCCC medical personnel has no relevance to Wallin's allegation that Ortiz aware

of a history of constitutional and "state" violations by KCCC's medical department,

creating a risk to inmates such as Wallin, and that he failed to take actions remedying

the risk. In any case, Wallin alleges more than a mere disagreement regarding his

medical treatment. As noted above, Wallin essentially alleges that the defendants

provided him with no meaningful treatment for his injuries; further, even though Dr.

Rand told Wallin that he would recommend physical therapy, Wallin has never

received this treatment.[4]

Consequently, I find that Wallin has alleged a violation of his Eighth

Amendment rights. Magistrate Judge Watanabe found, and the parties do not appear

to dispute, that Wallin's right to adequate medical care is clearly established. *See*

*Hunt*, 199 F.3d at 1224. As a result, Wallin's Eighth Amendment claims should not be

dismissed against Ortiz on the basis of qualified immunity at this time.

However, Magistrate Judge Watanabe also recommended that Wallin's claims

---

[4]Likewise, because I find that Wallin alleges more than a disagreement
between he and the KCCC medical personnel, I reject Ortiz' argument that Ortiz was
entitled to rely on the opinions and diagnoses of those personnel. *Cf. McCracken v.
Jones*, 562 F.2d 22, 24 (10th Cir. 1977).

against Ortiz in his official capacity should be dismissed as barred by the Eleventh Amendment, to the extent these claims seek damages.  *See Hunt v. Vennett*, 17 F.3d 1263, 1267 (10th Cir. 1994).  Wallin does not object to this recommendation, and it will be accepted.

Magistrate Judge Watanabe recommended that the state law claims be dismissed against Ortiz because Wallin did not timely file a notice as required by Colo. Rev. Stat. § 24-10-109(1).  This statute provides:

> Any person claiming to have suffered an injury by a public entity or by an employee thereof while in the course of such employment, whether or not by a willful and wanton act or omission, shall file a written notice as provided in this section within one hundred eighty days after the date of the discovery of the injury, regardless of whether the person then knew all of the elements of a claim or of a cause of action for such injury.

When a claim is asserted against the state or a state employee, the notice must be filed with the attorney general.  Colo. Rev. Stat. § 24-10-109(3).

The notice provisions of the CGIA apply when federal courts hear Colorado tort claims under supplemental jurisdiction.  *Maestas v. Lujan*,  351 F.3d 1001, 1013 (10th Cir. 2003).  "[F]ailure to comply with the 180-day period is an absolute bar to suit."  *Id.* (*quoting Gallagher v. Bd. of Trs. for Univ. of N. Colo.*, 54 P.3d 386, 390-91 (Colo. 2002)).

A plaintiff "must plead compliance with the CGIA's notice provisions in the complaint to avoid dismissal."  *Aspen Orthopaedics & Sports Med., LLC, v. Aspen Valley Hop. Dist.*, 353 F.3d 832, 840 (10th Cir. 2003).  Wallin's complaint does not allege that he filed a notice in compliance with this provision, and although his response to the motion to dismiss and his objections indicate that he did file such a

9

notice, he never indicates <u>when</u> he did so.  As a result, it is not clear from the record whether Wallin can cure this deficiency in his complaint.  Under such circumstances, the Tenth Circuit has instructed that the proper procedure is to dismiss the claims without prejudice, subject to the plaintiff moving for leave to file an amended complaint pleading compliance with the CGIA notice provisions, if he believes he can cure the deficiency.  *Id.* at 842.  Accordingly, the state law claims against Ortiz will be dismissed without prejudice.

Accordingly, it is ordered:

1.     The recommendation issued February 14, 2005 by Magistrate Judge Watanabe is accepted in part and rejected in part.

2.     Plaintiff's objections to the recommendation, filed March 18, 2005, are sustained in part and overruled in part.

3.     Defendant Ortiz' Motion to Dismiss, filed January 3, 2005 (Docket No. 35), is granted in part, and denied in part.

4.     To the extent Plaintiff's fifth and sixth claims, asserting violations of the Eighth Amendment, seek damages from Ortiz in his official capacity, they are dismissed with prejudice.  These two claims otherwise remain pending against Ortiz individually.

5.     Plaintiff's state law claims against Ortiz are dismissed without prejudice.

6.     Plaintiff's claims against the other defendants remain pending.

7.     Plaintiff's November 1, 2004 objection (Docket No. 23), is overruled as

moot.

DATED at Denver, Colorado, on September 1, 2005.

BY THE COURT:


/s/ Walker D. Miller
United States District Judge