IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-00215-WDM-MJW

OLOYEA D. WALLIN,

Plaintiff,

v.

MR HOYT BRILL, et al.,

Defendants.

## MINUTE ORDER

**Entered by Magistrate Judge Michael J. Watanabe**

It is hereby **ORDERED** that the plaintiff's Motion to Postpone a Ruling on the Motion for Summary Judgment Until Plaintiff has had an Opportunity to Conduct Discovery Pursuant to Fed. R. Civ. P. 56(f), which was filed on May 1, 2006 (docket No. 17), along with an affidavit signed by the plaintiff on April 26, 2006, is **denied**. Prior to making this motion, the plaintiff filed his combined response to the pending summary judgment motions (Docket No. 174 - filed on April 24, 2006). The motion is thus ready for ruling. Plaintiff made no mention of needing additional discovery in his response.

It is further **ORDERED** that the plaintiff's Motion to Inquire Into the Service of Defendant Executive Director of CCA, which was filed on May 1, 2006 (Docket No. 180), is **granted** to the extent that the plaintiff is advised that service has not been directed on the Director of the CCA. As noted in this court's Minute Order of March 7, 2006 (Docket No. 133), counsel for certain co-defendants had addresses for some of the other defendants, and counsel was merely ordered to produce the addresses she may have. An address for the Director of the CCA was not one of those then provided, nor has one been provided by the plaintiff. Therefore, service has not been ordered by the court.

It is further **ORDERED** that the plaintiff's Motion to Compel CCA Defendants to Respond to Discovery Requests (Docket No. 158), which was filed on March 29, 2006, is **granted in part and denied in part** as follows.

The motion is granted with respect to Plaintiff's Request for Production of Documents No. 1(f) insofar as the defendants shall submit to the court for *in camera* review the disciplinary records and grievance files for defendant Hoyt Brill, Rand Neuenschwander, and Bair. Such files shall be submitted to the court for *in camera*

review within two weeks of the date of this Minute Order.

The motion is granted with respect to Plaintiff's Request for Production of Documents No. 1(g) insofar as the defendants shall submit to the court for *in camera* review the training records for defendant Hoyt Brill, Rand Neuenschwander, and Bair. Such files shall be submitted to the court for *in camera* review within two weeks of the date of this Minute Order.

The motion is denied in all other respects as follows.

Regarding Plaintiff's Request for Production of Documents Nos. 1(a), (b), (c), (e), and (h), plaintiff's motion is denied as moot inasmuch as defense counsel has stated that she will make available to the plaintiff the documents that are in her possession after payment by the plaintiff of their reasonable costs. Plaintiff shall make payment arrangements with defense counsel. Plaintiff's *in forma pauperis* status does not permit him to receive free copies of discovery documents, and the court will not transfer the cost of plaintiff's discovery to the defendants.

Regarding Plaintiff's Request for Production of Documents No. 1(d) and (h), defendants need not produce on the ground of relevance.

Regarding Plaintiff's Request for Production of Documents No. 1(g), except as found above with regard to documents concerning training, defendants need not produce on the ground of relevance.

Regarding Plaintiff's Request for Production of Documents No. 1(i), his motion is denied as moot as the court has obtained any and all information concerning defendants' last known addresses.

Regarding Plaintiff's Requests for Admissions and Interrogatories, plaintiff's motion to compel is also denied. Plaintiff states in his motion that "[d]ue to the large amount of Interrogatories that was not adequately and fully answered by the defendants, Plaintiff will not attach or go into detail of the interrogatories that were not fully answered, only to say that the defendant failed to answer the intrerrogatories [sic] fully." This court, however, does not act as the plaintiff's advocate and will not review the defendants' responses and make plaintiff's arguments for him. Furthermore, plaintiff failed to comply with the Local Rules by failing to provide to the court in his motion his Requests for Admissions and Interrogatories and the Defendants' responses thereto. (See D.C.COLO.LCivR 37.1 ("A motion under Fed. R. Civ. P. 26 or 37 directed to interrogatories or requests under Fed. R. Civ. P. 33 or 34 or to responses thereto shall set forth verbatim the interrogatory, request, and response to which the motion is directed.).

3

      It is further **ORDERED** that each party shall pay their own costs for the motion to compel.  No sanctions shall be imposed on the defendants as requested by the plaintiff.  Counsel will not be appointed for the plaintiff to aid discovery as requested by plaintiff within his motion to compel.  Even assuming the plaintiff has a colorable claim, he currently appears to be able to present his case adequately.  The factual and legal issues raised are not so numerous or complex that the plaintiff is unable to present his case adequately at this stage of the litigation.

Date: May 2, 2006