IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-00215-WDM-MJW

OLOYEA D. WALLIN,

    Plaintiff,

v.

MR. HOYT BRILL,
MS. WEDERSKI,
MR. RAND,
MS. HILL,
MS. FRANK,
MS. BLAIR, and
MR. JOE ORTIZ,

    Defendants.

---

**ORDER REGARDING THE PRO SE INCARCERATED PLAINTIFF'S MOTION TO COMPEL CCA DEFENDANTS TO RESPOND TO DISCOVERY REQUESTS (DOCKET NO. 158) FOLLOWING *IN CAMERA* REVIEW OF THE SUBJECT DOCUMENTS**

---

**Entered by U.S. Magistrate Judge Watanabe**

This matter is before the court for *in camera* review of the subject documents which were to be made up of disciplinary records, grievance files, and training records for Defendants Hoyt Brill, Rand Neuenschwander, and Renee Blair per this court's Minute Order dated May 2, 2006 (docket no. 215). The court has reviewed the subject documents, *in camera*, and the court now being fully informed makes the following findings of fact, conclusions of law, and order.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

2

1. That it has jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard on the Pro Se Incarcerated Plaintiff's Motion to Compel CCA Defendants to Respond to Discovery Requests (docket no. 158);

4. That this court ordered the Defendants to produce the subject documents for *in camera* review per this court's Minute Order dated May 2, 2006 (docket no. 215);

5. That Defendants provided to this court for *in camera* review training records for Hoyt Brill and Renee Bair. Defendants do not possess any training records for Dr. Rand Neuenschwander since he is not an employee of Corrections Corporation of America but instead was a contract doctor for the facility. There are no disciplinary or grievance records for Hoyt Brill, Dr. Rand Neunschwander, or Renee Bair.

6. That the court has numbered the subject document pages from 1 through 289, inclusive.

7. That the following pages of the subject documents are relevant and discoverable and should be provided to the Pro Se Incarcerated Plaintiff. They are pages numbered 1 through 9, inclusive; 25 through 28, inclusive; 202, 203, and 248 through 257, inclusive.

3

## ORDER

Based upon these findings of fact and conclusions of law, this court

**ORDERS**:

1. That the Pro Se Incarcerated Plaintiff's Motion to Compel CCA Defendants to Respond to Discovery Requests (docket no. 158), following *in camera* review of the subject documents is **GRANTED IN PART AND DENIED IN PART**. The motion is **GRANTED** as to pages numbered 1 through 9, inclusive; 25 through 28, inclusive; 202, 203, and 248 through 257, inclusive, of the subject documents only. The remainder of the motion is **DENIED**.

2. That the Defendants shall provide to the Pro Se Incarcerated Plaintiff pages numbered 1 through 9, inclusive; 25 through 28, inclusive; 202, 203, and 248 through 257, inclusive, of the subject documents on or before June 19, 2006.

3. That the records that were submitted by the defendants for *in camera* review shall be sealed and not opened except by further order of the court.

3. That each party shall pay their own attorney fees and costs for this motion.

Done this 8th day of June 2006.

BY THE COURT

4

s/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge