IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 04-cv-00215-WDM-MJW

OLOYEA D. WALLIN,

    Plaintiff,

v.

HOYT BRILL, et al.,

    Defendants.

## ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE

Miller, J.

This matter is before me on the recommendation of Magistrate Judge Michael J. Watanabe, issued June 22, 2006, that Defendant Anthony A. DeCesaro's (DeCesaro) motion to dismiss be granted in part.  Plaintiff Oloyea D. Wallin (Wallin) filed a timely objection to the recommendation and is entitled to de novo review on those issues he specifically objects to.  28 U.S.C. § 636(b); *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).  Having reviewed the pertinent portions of the record in this case, including the motion, response, recommendation and objections, I conclude that the recommendation should be accepted in part, as discussed below.

In his recommendation, Magistrate Judge Watanabe concludes that (1) the Eleventh Amendment bars Wallin's claims against DeCesaro in his official capacity, (2) Wallin has requested injunctive relief with sufficient clarity, (3) Wallin's claims of personal participation by DeCesaro are sufficient to withstand dismissal, (4) DeCesaro is not entitled to qualified immunity, (5) the court should not decline supplemental jurisdiction over Wallin's state law claims, and (6) Wallin's state law claims should be

dismissed because his Amended Complaint fails to demonstrate compliance with the Colorado Governmental Immunity Act's (CGIA) notice requirements.

Since Wallin has objected to two of Magistrate Judge Watanabe's conclusions, I will begin with those issues. First, Wallin argues that his claims for declaratory relief should not be dismissed because such claims are allowed against a defendant in his individual capacity. From this argument, it appears that Wallin has misread the recommendation, which calls for dismissal of only his *official* capacity claims. And, I agree that the Eleventh Amendment bars these types of claims against state officials acting in their official capacities, *Meiners v. University of Kan.*, 359 F.3d 1222, 1232 (10th Cir. 2004); *ANR Pipeline Co. v. LaFaver*, 150 F.3d 1178, 1188-89 (10th Cir. 1998), I will accept the recommendation on this point.

Second, Wallin argues that his state law claims should not be dismissed because the CGIA does not apply to this case. Although Wallin does not dispute that he would have to plead compliance the CGIA's notice requirements if he were suing a public employee, he claims that DeCesaro is an independent contractor, not an employee. I agree that if DeCesaro is indeed an independent contractor, the CGIA's notice requirements would not apply. *See* Colo. Rev. Stat. Ann. § 24-10-103(4)(a) ("'Public employee' . . . does not include an independent contractor . . . ."). Therefore, at this early stage of the case, dismissal of Wallin's state law claims would be improper. *See Ash Creek Mining Co. v. Lujan*, 969 F.2d 868, 870 (10th Cir. 1992) (noting that dismissal is appropriate only "when it appears beyond doubt that the plaintiff could prove no set of facts entitling it to relief."). Evidence may suggest at least a doubt whether independent contractor analysis would permit Wallin's relief.

2

Finally, I agree with all of Magistrate Judge Watanabe's other conclusions. First, when read liberally, as all pro se pleadings must be, Wallin's request for injunctive relief is sufficiently clear. Second, Wallin alleges that DeCesaro had read his grievances (Amended Compl. at 11) and that he "abused [his] position . . . to wantonly inflict unnecessary pain." *Id.* at 14. Drawing all reasonable inferences in his favor, Wallin has sufficiently alleged DeCesaro's personal participation. Third, DeCesaro is not entitled to qualified immunity in this case because Wallin has alleged violations of clearly established Eighth Amendment rights. And fourth, I will not decline supplemental jurisdiction over Wallin's state law claims because some of his Eighth Amendment claims remain pending.

Accordingly, it is ordered:

1. The recommendation of Magistrate Judge Watanabe, issued June 22, 2006 (Docket No. 225), is accepted in part.

2. Defendant Anthony A. DeCesaro's motion to dismiss, filed January 23, 2006 (Docket No. 112), is granted in part.

3. Plaintiff's claims against Defendant DeCesaro acting in his official capacity are dismissed with prejudice.

4. All of Plaintiff's other claims against Defendant DeCesaro remain pending.

DATED at Denver, Colorado, on August 17, 2006.

BY THE COURT:


s/ Walker D. Miller
United States District Judge