IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-00215-WDM-MJW

OLOYEA D. WALLIN,

Plaintiff,

v.

MR HOYT BRILL, et al.,

Defendants.

---

**RECOMMENDATIONS ON
PLAINTIFF'S SECOND REQUEST FOR ENTRY OF DEFAULT JUDGMENT
(Docket No. 213)
and
DEFENDANT WEDERSKI'S MOTION TO SET ASIDE ENTRY OF DEFAULT
(Docket No. 218)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case is before this court pursuant to an Order of Reference to Magistrate Judge issued by District Judge Walker D. Miller on October 21, 2004. (Docket No. 20).

Before the court are the following two motions: (1) Plaintiff's Second Request for Entry of Default Judgment (Docket No. 213) and (2) Defendant Wederski's Motion to Set Aside Entry of Default (Docket No. 218). The court has considered the motions, applicable Federal Rules of Civil Procedure, and case law. The court now being fully informed makes the following findings, conclusions, and recommendations.

Rule 55(c) of the Federal Rules of Civil Procedure provides in relevant part that "[f]or good cause shown the court may set aside an entry of default . . . ." Fed. R. Civ.

2

P. 55(c). "[T]he principal factors in determining whether a defendant has met the good cause standard are (1) whether the default was the result of culpable conduct of the defendant, (2) whether the plaintiff would be prejudiced if the default should be set aside, and (3) whether the defendant presented a meritorious defense." Mountain States Mut. Cas. Co. v. Kirkpatrick, 2006 WL 2092073 (D. Colo. Jul. 25, 2006) (quoting Hunt v. Ford Motor Co., 1995 WL 523646 (10th Cir. Aug. 29, 1995)). "This list is neither exclusive nor conclusive, and the decision to set aside the entry of default is one within [the court's] discretion." Id. "Generally, a defendant's conduct is considered culpable if he has defaulted willfully or has no excuse for the default." Hunt v. Ford Motor Co., 1995 WL 523646 (10th Cir. Aug. 29, 1995).

Plaintiff's motion for a default judgment against defendant Darcy Wederski is based upon her failure to file an answer or pleading on or before May 15, 2006. The Clerk entered a default against Wederski on June 12, 2006 (Docket No. 215), stating as follows. It appeared from the file in the Clerk's Office that a Waiver of Service was sent on March 7, 2006, and the answer was due on May 8, 2006. A Minute Order was issued on May 15, 2006, granting Wederski until May 15, 2006, to file an answer, yet Wederski failed to file a pleading or otherwise defend. Therefore, a default was entered against Wederski pursuant to Fed. R. Civ. P. 55(a). (Docket No. 215).

Wederski moves to set aside the entry of default. (Docket No. 218). She states that on May 15, 2006, she filed a Joinder in the KCCC Defendants' Motion for Summary Judgment with Authorities. (Docket No. 193). In that motion, a dismissal of all claims is sought. Wederski's attorney was out of the office when the plaintiff's motion for Entry

3

of Default was filed, and counsel did not see that motion until June 12, 2006, after the Entry for Default had been entered by the Clerk.  Upon inquiry from the Clerk, Wederski's counsel was advised that the default was entered because the filing of a motion for summary judgment was not considered sufficient to respond to the plaintiff's Complaint, and only an answer or a motion to dismiss pursuant to Fed. R. Civ. P. 12 is sufficient for purposes of a response.  Counsel states that she was under the misunderstanding that the timely filing of the Joinder in the summary judgment motion was sufficient for purposes of providing an answer on Wederski's behalf.  At the time the instant motion to set aside the entry of default was filed, counsel simultaneously filed a Motion to Dismiss or Alternatively for Summary Judgment (Docket No. 219) on behalf of Wederski seeking dismissal of all claims against her.

This court agrees with Wederski that she has shown good cause to set aside the default.  Wederski timely filed a response to the Complaint but failed to title the motion as one to dismiss rather than a motion for summary judgment.  In addition, Wederski has asserted defenses to the plaintiff's Complaint which may very well be meritorious.  Furthermore, plaintiff will not suffer any prejudice by setting aside the entry of default as he was aware with the filing of Wederski's joinder in the summary judgment motion that she intended to contest the claims asserted against her.

In addition, as noted by Wederski, plaintiff is a prisoner confined in a correctional facility, and thus pursuant to the Prisoner Litigation Reform Act, 42 U.S.C. § 1997e(g), a default judgment should not be entered in favor of the plaintiff as the Act requires that a reply be filed in prison conditions suits in order for relief to be granted.

4

See, e.g., Lee v. Suthers, 50 Fed. Appx. 942 (10th Cir. 2002) (unpublished opinion); Banks v. Percher, 2006 WL 1878330 (M.D. Pa. July 6, 2006); Griffin v. Foti, 2003 WL 22836493 (E.D. La. Nov. 24, 2003).  Furthermore, "[d]efault judgments, to be certain, are disfavored." Pelican Prod. Corp. v. Marino, 893 F.2d 1143, 1146 (10th Cir. 1990).

**WHEREFORE**, for the foregoing reasons, it is hereby

**RECOMMENDED** that Plaintiff's Second Request for Entry of Default Judgment (Docket No. 213) be denied.  It is further

**RECOMMENDED** that Defendant Wederski's Motion to Set Aside Entry of Default (Docket No. 218) be granted.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file written, specific objections to the above recommendation with the District Judge assigned to the case.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Fed. R. Civ. P. 72(b), Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions.  Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Dated: November 15, 2006          s/ Michael J. Watanabe
     Denver, Colorado              Michael J. Watanabe
                                         United States Magistrate Judge