IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 04-cv-00215-WDM-MJW

OLOYEA D. WALLIN,

    Plaintiff,

v.

HOYT BRILL, et al.,

    Defendants.

## ORDER ON RECOMMENDATIONS OF MAGISTRATE JUDGE AND OBJECTIONS TO MAGISTRATE JUDGE RULINGS

Miller, J.

This matter is before me on two recommendations from Magistrate Judge Michael J. Watanabe, and several objections to his rulings on various nondispositive matters. The first recommendation, issued November 15, 2006, concludes that Plaintiff Oloyea D. Wallin's (Wallin) motion for default judgment should be denied, and Defendant Darcy Wederski's (Wederski) motion to set aside default should be granted. The second recommendation, issued January 22, 2007, concludes that summary judgment should be entered in favor of each defendant on Wallin's Eighth Amendment claims, I should decline to exercise supplemental jurisdiction over Wallin's state law claims, and I should therefore dismiss this case in its entirety. Having reviewed the pertinent portions of the record in this case, I conclude that both recommendations should be accepted, and all of the objections should be overruled. In addition, as an alternative ground, I also conclude that Wallin's repeated failure to comply with this court's orders regarding the payment of filing fees warrants dismissal as a sanction.

1.     Magistrate Judge Watanabe's Recommendations

Wallin filed a timely objection to the first recommendation and is entitled to de novo review on those issues he specifically objects to. 28 U.S.C. § 636(b); *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991). Wallin's objections to the second recommendation, however, were undated, unsigned (*see* Objections, Docket No. 314, at 9), and untimely (*see* Motion for Extension, Docket No. 315, ¶ 1). Therefore, he is not entitled to de novo review, but I have nonetheless given his objections some consideration.

As for the first recommendation, I agree that Wederski has demonstrated good cause to set aside default. Although Wederski is not without culpability in this matter, on balance I conclude that considerations of the strength of her defense (as discussed below) and the lack of prejudice to Wallin weigh heavily in favor of setting aside default. *See United States v. Timbers Preserve, Routt County*, 999 F.2d 452, 454 (10th Cir. 1993) (listing factors relevant to motion to set aside default judgment); *Dennis Garberg & Assocs. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 775 n.6 (10th Cir. 1997) (noting that the standard for setting aside entry of default is significantly less onerous than the standard for setting aside default judgment); *see also Dierschke v. O'Cheskey*, 975 P.2d 181, 183 (5th Cir. 1992) (listing factors relevant to motion to set aside entry of default). Therefore, Wederski's motion to set aside the entry of default will be granted, and Wallin's motion for default judgment will correspondingly be denied.

As for the second recommendation, I agree that Wallin has failed to produce any evidence from which a reasonable factfinder could conclude that the defendants were deliberately indifferent of his medical needs, *see Self v. Crum*, 439 F.3d 1227, 1230-31

2

(10th Cir. 2006) (describing requirements for a showing of deliberate indifference), and that at most, Wallin's evidence indicates that he disagrees with the course of treatment chosen by the health care professionals who treated him, *see id.* at 1231 (noting that such a disagreement does not state a constitutional violation).  Therefore, Wallin's Eighth Amendment claims will be dismissed.  Moreover, since this leaves only state law claims, I agree that I should decline to exercise supplemental jurisdiction and should dismiss this case in its entirety.

2.  <u>Wallin's Objections to Magistrate Judge Watanabe's Rulings</u>

Wallin objects to several of Magistrate Judge Watanabe's rulings on various nondispositive matters.  I will set aside a magistrate judge's rulings on such matters only if "clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *see also Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461-62 (10th Cir. 1988) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)) (under "clearly erroneous" standard, the reviewing court must affirm unless it "on the entire evidence is left with the definite and firm conviction that a mistake has been committed").  Upon review of each of Wallin's objections, it is clear that he cannot meet this standard, and his objections will therefore all be overruled.

First, Wallin objects to a minute order issued January 20, 2006, denying his motion for an extension of time to disclose experts.  In his objection, Walling presents grounds supporting his motion that were not presented to Magistrate Judge Watanabe, and I will therefore not consider them.  *See Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").  And, having reviewed Wallin's original motion,

I agree with Judge Watanabe that it did not demonstrate good cause for an extension of time.

Second, Wallin objects to a minute order issued March 6, 2006, denying his motion to compel expert witness reports. I agree with Judge Watanabe that Fed. R. Civ. P. 26 rather than Colo. R. Civ. P. 26 applies, and that Fed. R. Civ. P. 26 does not require reports from Defendants' experts.

Third, Wallin objects to a minute order issued March 7, 2006, denying his motion to appoint expert witnesses. Having reviewed the objection, order, and original motion, I conclude that Wallin's motion was appropriately denied because his motion is too conclusory to adequately demonstrate entitlement to relief.

Fourth, Wallin objects to a minute order issued May 17, 2006, denying his motion for an extension of time to file a certificate of review. In light of my conclusions above, however, this objection is now moot, since Wallin's failure to file a certificate of review played no part in my decision to dismiss his case.

Fifth, Wallin objects to a minute order issued November 15, 2006, denying his motion for service on Defendant John Doe III, and his motion under Fed. R. Civ. P. 56(f) for further discovery prior to a ruling on a motion for summary judgment. As for the first motion, since I have concluded above that Wallin cannot show deliberate indifference and that this case should be dismissed, Wallin's request for service is now moot. As for the second, I agree with Magistrate Judge Watanabe's ruling because Wallin failed to file an affidavit in support of his motion. *See Comm. for the First Amendment v. Campbell*, 962 F.3d 1517, 1522 (10th Cir. 1992) (noting that an affidavit is a prerequisitie to Rule 56(f) relief).

4

Sixth, Wallin objects to a minute order issued December 7, 2006, denying another Rule 56(f) motion for further discovery prior to a ruling on a different summary judgment motion.  Again I agree with Judge Watanabe's ruling because, although Wallin did provide an affidavit with this motion, it was too conclusory to demonstrate entitlement to relief.  *See id.* (noting that an affidavit in support of a Rule 56(f) motion must "identify[] the probable facts not available and what steps have been taken to obtain these facts").

Finally, on February 3, 2006, Wallin filed an objection to "orders regarding filing fees."  Although there have been many orders regarding filing fees in this case, Wallin does not specify which one he is referring to.  However, I will assume that Wallin intends to object to a minute order from Magistrate Judge Watanabe issued on January 17, 2006, since objections to any of the previous filing fee orders would be untimely.

In this order, Judge Watanabe merely orders Wallin to comply with a previous order, issued by Magistrate Judge O. Edward Schlatter on April 13, 2004, which had allowed Wallin to proceed in this action without paying an initial partial filing fee, but required him to either make monthly payments, or show cause each month why he cannot do so by filing a certified copy of his trust fund account statement.  Clearly, nothing in Judge Watanabe's order is "clearly erroneous or contrary to law," and Wallin's objections will therefore be overruled.

In addition, having thoroughly reviewed this filing fee issue, I conclude that Wallin's repeated failure to comply with multiple orders regarding filing fees provides an alternative ground for dismissal of this case.  Over thirty-five months have passed since Judge Schlatter issued his order, yet Wallin has filed only four certified account

5

statements and foour affidavits in lieu of such statements. This in spite of repeated orders from the court reminding Wallin of his obligations. (November 17, 2004 Minute Order, Docket No. 26; August 10, 2005 Order, Docket No. 61; January 17, 2006 Minute Order, Docket No. 108)

Dismissal is an extreme sanction and will not be imposed unless, "after considering all the relevant factors, [a court] concludes that dismissal alone would satisfy the interests of justice." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 918 (10th Cir. 1992). Relevant factors include: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id.* at 921 (citations omitted). After due consideration of each of these factors, I find that dismissal is appropriate. In particular, I conclude that the last four factors all weigh heavily in favor of dismissal.[1]

Accordingly, it is ordered:

1. The recommendation of Magistrate Judge Watanabe, issued November 15, 2006 (Docket No. 296), is accepted.

2. Defendant Wederski's motion to set aside entry of default, filed June 12, 2006 (Docket No. 218), is granted.

3. The Clerk's entry of default, entered June 12, 2006 (Docket No. 215), is set

---

[1] I would note that although Wallin repeatedly complained of difficulties obtaining the required documents from his previous facilities, he has never alleged any such difficulties at his current location, where he has been housed for over five months. (September 25, 2006 Notice of Change of Address, Docket No. 265)

6

aside.

4. Plaintiff's motion for default judgment, filed June 9, 2006 (Docket No. 213), is denied.

5. The recommendation of Magistrate Judge Watanabe, issued January 22, 2007 (Docket No. 311), is accepted as discussed herein.

6. The motions for summary judgment, filed by Defendants Brill, Rand (Neuenschwander) and Bair on April 4, 2006 (Docket No. 161), and joined in by Defendants Wederski (Docket No. 193), Hill (Docket No. 203), DeCesaro (Docket No. 263), and Ortiz (Docket No. 263), is granted.

7. Defendant Vaughn's (Frank) motion to dismiss or for summary judgment, filed June 12, 2006 (Docket No. 216), is granted.

8. Defendant Vaughn's (Frank) motion for summary judgment, filed May 18, 2006 (Docket No. 196), is denied as moot.

9. Defendant Hill's motion to dismiss or for summary judgment, filed June 12, 2006 (Docket No. 217), is denied as moot.

10. Defendant Wederski's motion to dismiss or for summary judgment, filed June 12, 2006 (Docket No. 219), is denied as moot.

11. Defendant DeCesaro's motion for summary judgment, filed September 18, 2006 (Docket No. 258), is denied as moot.

12. Defendant Ortiz's amended motion for summary judgment, filed November 13, 2006 (Docket No. 287), is denied as moot.

13. Plaintiff's Eighth Amendment Claims are dismissed as to all Defendants.

14. Plaintiff's objections, filed February 3, 2006 (Docket Nos. 116 & 117), March 15,

2006 (Docket No. 143), March 20, 2006 (Docket No. 146), June 9, 2006 (Docket No. 214), December 11, 2006 (Docket No. 302), and December 26, 2006 (Docket No. 309) are all overruled.

15. All of Plaintiff's state law claims are dismissed without prejudice.

16. This case is closed.

DATED at Denver, Colorado, on March 13, 2007.

BY THE COURT:

s/ Walker D. Miller
United States District Judge